**10**

WINSTON & STRAWN LLP
Richard A. Lapping (SBN: 107496)
rlapping@winston.com
David A. Honig (SBN: 160721)
dhonig@winston.com
Marcus Colabianchi (SBN: 208698)
mcolabianchi@winston.com
101 California Street
San Francisco, CA 94111-5802
Telephone:    (415) 591-1000
Facsimile:    (415) 591-1400

Attorneys for Trustee
BEVERLY N. MCFARLAND

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No. 09-40066 |
| FOOD SERVICE MANAGEMENT, INC. et al.,[1] | Chapter 11 |
| Debtors. | **(Jointly Administered with Case Nos. 09-40068, 09-40212, and 09-40214)** |
| ☐ Affects Food Service Management, Inc. | DC No.   WS-17 |
| ☐ Affects Kobra Associates, Inc. | Date:    March 17, 2010 |
| ☐ Affects Sierra Valley Restaurants, Inc. | Time:    10:00 a.m. |
| ☐ Affects Central Valley Food Services, Inc. | Dept.:    C |
| ☒ Affects All Debtors | |

**CHAPTER 11 TRUSTEE'S RESPONSE TO THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION OBJECTION TO THE PROPOSED FORM OF THE SALE ORDER**

Beverly N. McFarland, duly appointed and acting chapter 11 trustee (in such capacity, the "Trustee") of Food Service Management, Inc., Sierra Valley Restaurants, Inc., Central Valley Foods Services, Inc., and Kobra Associates, Inc. (collectively, the "Debtors"), submits the

---

[1] The Debtors in these proceedings are:  Food Service Management, Inc., Kobra Associates, Inc., Sierra Valley Restaurants, Inc., and Central Valley Food Services, Inc.

1

SF:277849.1

1   following response to the objection ("EEOC Objection") by the U.S. Equal Employment

2   Opportunity Commission (the "EEOC") to the proposed form of order ("Sale Order") granting the

3   Trustee's motion (the "Sale Motion") pursuant to sections 105(a) and 363 of title 11 of the United

4   States Code, as amended (the "Bankruptcy Code"), approving the sale (the "Sale") of substantially

5   all of the Debtors' assets free and clear of liens, claims, encumbrances, and interests.

6          1.      In essence, the EEOC now seeks to enlarge the scope of its claim (or interest

7   as the case may be) to include not one store but six stores. As noted in the Trustee's Notice of

8   Dispute and Errata Re: Form of Sale Order filed and served on March 25, 2010 [Docket No.

9   pending], the Trustee understood the Court to have ruled at the hearing that the Sale would be free

10  and clear of all liens, claims, interests and encumbrances other than specific claims of the EEOC in

11  connection with Store 513 (6729 Skyway, Paradise, CA 95969). However, the EEOC asserts that

12  the Sale should not be free and clear of its claims as they may apply to all six stores in the Chico area

13  market formerly operated by Kobra Associates, Inc.: (a) Store 446 (500 Broadway, Chico, CA

14  95928), (b) Store 513 (6729 Skyway, Paradise, CA 95969), (c) Store 549 (2542 The Esplanade,

15  Chico, CA 95973), (d) Store 3486 (4085 Railroad Avenue, Redding, CA 96001, (e) Store 3489

16  (3089 Highway 99 W, Corning, CA 96021), and (f) Store 4350 (1955 20th Street, Chico, CA

17  95928).

18         2.      The EEOC's underlying claim stems from a complaint in district court entitled

19  "EEOC v. Kobra Associates, Inc., d/b/a Jack in the Box", Case No. 2:09-CV-03546-MCE-JFM (E.D.

20  Cal.) ("EEOC Complaint") against Kobra Associates, Inc. ("KAI"), one of the Debtors, alleging

21  sexual harassment and the constructive discharge of Tammy Bright, a former employee. The EEOC

22  Complaint, a copy of which is attached hereto as Exhibit A, alleges that beginning in 2006, KAI,

23  Richard Bartels, the former manager of Store No. 513, and other unnamed employees, created a

24  sexually hostile environment that led to the constructive discharge of Tammy Bright in July, 2007.

25  Tammy Bright filed a complaint with the EEOC in September 2007 which the EEOC investigated,

26  leading to the filing of the EEOC Complaint over two years later, on December 22, 2009.

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

2

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

3.      There is absolutely no allegation contained in the EEOC Complaint that would implicate that the EEOC's claim should extend to any other than store 513. The record is rather clear on this point – the EEOC's objection was based solely on the EEOC Complaint, which only alleged improper conduct having taken place at store 513. Nor were there any allegations in the EEOC Complaint or evidence in the record about the supervision Nikki Harris or Denise Sabia (EEOC Objection at page 3, line 1), which constitutes the sole basis now and at the hearing on which the EEOC relied to expand the scope of its injunction beyond Store 513. The Trustee responded to the EEOC's position as it was articulated in the Complaint and in the EEOC's objection to the Sale Motion. The only evidence about Harris or Sabia in the record is that they were (now terminated) supervisors of the manager at Store 513. See McFarland Declaration in Support of Reply to EEOC Objection to Sale Motion (Docket No. 689) at para. 9. What the Trustee understood the Court to have ruled upon was the evidence and the scope of the EEOC Complaint. It is wholly inappropriate, in the context of the form of the Sale Order, for the EEOC to expand the scope of its claim without any basis in fact or its own complaint.

4.      Ms. Bright filed her complaint with the EEOC over two years ago. The timing of things is entirely the EEOC problem and was within their direct control. The EEOC could have proceeded faster but rather they did nothing for years and now it is requesting this Court to bail the EEOC out and fix a problem that was created by the EEOC's own inaction by expanding the scope of its claim now. The EEOC should be constrained to the allegations in the EEOC Complaint. In the Trustee's view, the Sale Order should only reflect that the EEOC's claim extends to store 513.

5.      The EEOC also contends that the Trustee does not satisfy any of the prongs of Bankruptcy Code § 363(f). The EEOC points to section 363(f)(5) that it could not be compelled to accept a money satisfaction of its interest. The EEOC, however, does not account for section 363(f)(4), which allows the Trustee to sell property free and clear of any interest if such interest is in bona fide dispute. The Trustee submits that the EEOC Complaint and the underlying claim are certainly disputed. The EEOC's contention that section 363(f) is not satisfied is flat wrong. Moreover, the EEOC's belated contention at the hearing that the relief sought by it does not

3

constitute a claim raises the issue of whether EEOC even has standing. There is no proof of claim on record.

WHEREFORE, the Trustee requests that the Court enter the Sale Order in the form submitted by the Trustee on March 24, 2010.

Dated: March 25, 2010          WINSTON & STRAWN LLP

By:    /s/ Richard A. Lapping
        Richard A. Lapping
        Attorneys for Chapter 11 Trustee
        BEVERLY N. MCFARLAND

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

SF:277849.1

## EXHIBIT A

(The EEOC Complaint)

SF:277849.1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

WILLIAM R. TAMAYO, SBN 084965
DAVID F. OFFEN-BROWN, SBN 063321
DANA C. JOHNSON, SBN 187341
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5697
Fax No. (415) 625-5657
E-Mail Address dana.johnson@eeoc.gov

Attorneys for Plaintiff EEOC

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KOBRA ASSOCIATES, INC. d/b/a JACK IN THE BOX<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Tammy Bright and similarly situated female employees who were adversely affected by such practices. As alleged with greater particularity in paragraphs 7 and 8 below, Tammy Bright's employer, Defendant Kobra Associates, Inc. d/b/a Jack in the Box, subjected her and other female employees to a sexually hostile environment consisting of sexual and sexist slurs and comments, and unwelcome touching.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the

COMPLAINT

1   Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102

2   of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3       2.      The employment practices alleged to be unlawful were committed in Butte County,

4   California, within the jurisdiction of the United States District Court for the Eastern District of

5   California

6                                                PARTIES

7       3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the

8   agency of the United States of America charged with the administration, interpretation and

9   enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3)

10  of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

11      4.      At all relevant times, Defendant Kobra Associates Inc. d/b/a Jack in the Box (the

12  "Employer"), has continuously been a business entity doing business in the Eastern District of the State

13  of California and has continuously had at least 15 employees.

14      5.      At all relevant times, Defendant Employer has continuously been an employer engaged

15  in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42

16  U.S.C. § 2000e(b), (g) and (h).

17                                        STATEMENT OF CLAIMS

18      6.      More than thirty days prior to the institution of this lawsuit, Tammy Bright filed a

19  charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions

20  precedent to the institution of this lawsuit have been fulfilled:  the EEOC received a timely charge of

21  discrimination and notified Defendant thereof; the EEOC conducted some investigation into the

22  charge; the EEOC found cause to believe that discrimination had taken place; and, prior to initiation of

23  suit, the EEOC engaged in good faith efforts to conciliate the matter.

24      7.      Since at least 2006, Defendant Employer has engaged in unlawful employment practices

25  at its facility located at 6729 Skyway Street, Paradise, California, in violation of Section 703(a) of Title

26  VII, 42 U.S.C. § 2000e-2(a).  Specifically, Defendant Employer, through its managerial employee,

27  Richard Bartels, and other employees, created a sexually hostile environment by engaging in sexually

28  offensive comments and suggestion and sexist slurs against Tammy Bright and similarly situated

COMPLAINT

1  female employees, including but not limited to suggesting that beneficial terms and conditions of

2  employment might be conferred in exchange for engaging in sexual activity, commenting upon

3  secondary sexual features such as breasts and buttocks of female employees and deriding the

4  intelligence of female employees.

5      8.    On or about late July, 2007, Defendant Employer engaged in an unlawful employment

6  practice at its Paradise, California facility, in violation of Section 703(a) of Title VII, 42 U.S.C. §

7  2000e-3(f)(3) by constructively discharging Tammy Bright as a result of the sexually hostile

8  environment.

9      9.    The effect of the practices complained of in paragraphs 7 and 8 above has been to

10  deprive Tammy Bright and similarly situated female employees of equal employment opportunities and

11  otherwise adversely affect their status as employees, because of their sex, female.

12      10.    The unlawful employment practices complained of in paragraphs 7 and 8 above were

13  intentional.

14      11.    The unlawful employment practices complained of in paragraphs 7 and 8 above were

15  done with malice or with reckless indifference to the federally protected rights of Tammy Bright and

16  similarly situated female employees.

17                               PRAYER FOR RELIEF

18      Wherefore, the Commission respectfully requests that this Court:

19      A.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents,

20  servants, employees, attorneys, and all persons in active concert or participation with them, from

21  engaging in sex harassment and constructive discharge.

22      B.    Order Defendant Employer to institute and carry out policies, practices, and programs

23  which provide equal employment opportunities for female employees, and which eradicate the effects

24  of its past and present unlawful employment practices.

25      C.    Order Defendant Employer to make whole Tammy Bright, by providing appropriate

26  backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

27  necessary to eradicate the effects of its unlawful employment practices.

28  ///

COMPLAINT

1    D.    Order Defendant Employer to make whole Tammy Bright by providing compensation

2    for past and future pecuniary losses resulting from the unlawful employment practices described in

3    paragraphs 7 and 8 above, including medical expenses not covered by the Employer's employee benefit

4    plan, in amounts to be determined at trial.

5    E.    Order Defendant Employer to make whole Tammy Bright and similarly situated female

6    employees by providing compensation for past and future nonpecuniary losses resulting from the

7    unlawful practices complained of in paragraphs 7 and 8 above, including emotional pain, suffering,

8    inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

9    F.    Order Defendant Employer to pay Tammy Bright and similarly situated female

10   employees punitive damages for its malicious and reckless conduct described in paragraphs 7, 8, 10

11   and 11 above, in amounts to be determined at trial.

12   G.    Grant such further relief as the Court deems necessary and proper in the public interest.

13   H.    Award the Commission its costs of this action.

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28                                    4

COMPLAINT

1    JURY TRIAL DEMAND

2    The Commission requests a jury trial on all questions of fact raised by its complaint.

3

4                                          JAMES L. LEE
                                           Deputy General Counsel

5                                          GWENDOLYN REAMS
6                                          Associate General Counsel

7                                          U. S. EQUAL EMPLOYMENT
                                           OPPORTUNITY COMMISSION
8                                          131 M Street N.E.
                                           Washington, D.C. 20507

9

10   Date: December 22, 2009
                                           /s/ as authorized on 12/22/09
11                                         WILLIAM R. TAMAYO
                                           Regional Attorney
12
     Date: December 22, 2009
13                                         /s/ as authorized on 12/22/09
                                           DAVID F. OFFEN-BROWN
14                                         Supervisory Trial Attorney

15   Date: December 22, 2009
                                           /s/
16                                         DANA C. JOHNSON
                                           Senior Trial Attorney
17
                                           Attorneys for Plaintiff EEOC
18

19                                         U. S. EQUAL EMPLOYMENT
                                           OPPORTUNITY COMMISSION
20                                         San Francisco District Office
                                           350 The Embarcadero, Suite 500
21                                         San Francisco, California 94105-1260

22

23

24

25

26

27

28                                5

     COMPLAINT