FILED
March 29, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002518527

WILLIAM R. TAMAYO, SBN 084965
DAVID F. OFFEN-BROWN, SBN 063321
DANA C. JOHNSON, SBN 187341
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5697
Fax No. (415) 625-5657
E-Mail Address dana.johnson@eeoc.gov

Attorneys for Plaintiff EEOC

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No. 09-40066 |
| FOOD SERVICES MANAGEMENT, INC. et al., Debtors | Chapter 11 |
| | (Jointly Administered with Case Nos. 09-40068, 09-40212, and 09-40214) |
| Affects KOBRA ASSOCIATES, INC. | DCN: WS-17 |
| | Date: March 17, 2010<br>Time: 10:00 a.m.<br>Dept.: C |

CONDITIONAL CREDITOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S SURREPLY IN CONNECTION WITH ITS OBJECTION TOTHE CHAPTER 11 TRUSTEE'S PROPOSED SALE ORDER

Having realized that its reliance upon Section 353(f)(5) is unavailing, the Trustee in its response to the EEOC's objection to the Sale Order now asks this Court to allow the sale of Kobra Associates' Chico Market Jack in the Box stores free and clear of any potential successor liability for non-monetary injunctive relief pursuant to subsection four. 11 U.S.C. §363(f)(4). As the EEOC wrote it is Objection to the Sale brief, subsection four is inapplicable because the Court cannot both (1) allow the sale free and clear and (2) provide adequate protection for the EEOC's interest in non-monetary forward-going injunctive relief.[1]

---

[1] The EEOC's argument against application of subsection four can be found at 10:5-11:10 of the EEOC's objection to the sale free and clear, and is set forth in its entirety below for the Court's convenience:

> The only condition that arguably obtains is the fourth – such interest is in *bona fide* dispute. The purpose of Section 363(f)(4) is to permit property of the estate to be sold free and clear of interests that are disputed by the representatives of the estate so that liquidation of the estate's assets need not be delayed while such disputes are being litigated. *In re Dewey Ranch Hockey, LLC*, 414 B.R. 577, 590 (Bankr. D.Ariz. 2009). Typically, the proceeds of sale are held subject to the disputed interest and then distributed as dictated by the resolution of the dispute; such procedure preserves all parties' rights by simply transferring interests from property to dollars that represent its value. *Id.* at 590-91 (citing In re Clark, 266 B.R. 163 (9th Cir. BAP 2001)). However, Section 363(e) of the Code which requires the court when selling property under Section 363 "to provide adequate protection" of any interest in the property being sold free and clear of that interest. Id. at 591. Further that sub-section expressly states, in mandatory language, that the court "shall prohibit or condition" the proposed sale "as is necessary to provide adequate protection of such interest". *Id.* In most cases involving the form of adequate protection required, the interest which is to be removed by the sale of the property free and clear of that interest is a lien or other economic interest, *i.e.*, dollars, which interest can be adequately protected by impounding funds to pay such interest if it is ultimately determined to be a valid interest. *Id.* Generally it is relatively easy to determine how to adequately protect economic interests. *Id.* However, where the court cannot adequately protect the non-economic interests of third parties, the Court "shall prohibit ... such sale." 11 U.S.C. § 363(e); *see In re Dewey Ranch Hockey*, 414 B.R. at 591-92 (prohibiting sale of hockey team because court could find no way to protect third parties non-economic interest except by prohibiting the suit, noting that the requirement of adequate protection in Section 363(e) is mandatory and, if adequate protection cannot be provided, such sale must be prohibited); *In re Magness*, 972 F.2d 689 (6th Cir.1992) (prohibited a chapter 7 trustee from selling a golf and country club membership where such sale would move the sale of that membership ahead of those on the country club's waiting list)
>
> Here, assuming arguendo that the EEOC's interest in prospective injunctive relief is "in *bona fide* dispute" as understood in section 363(f)(4), that interest will not be adequately protected by impounding any amount of money. In fact, the only way that the EEOC's interest in ensuring that appropriate workplace policies and practices are instituted is by (1) allowing the sale only if it is subject to

///

1

For the Court's further convenience, the EEOC attaches the portions of the hearing transcript related to the geographic scope of the EEOC's interest. (Hearing Transcript, 55:24-59:4 and 73:24-74:3)

CONCLUSION

The EEOC respectfully requests that the Court adopt the EEOC's proposed language for paragraphs 15(a) and 29 in its Sale Order, set forth in its Objection to the Sale Order.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: March 29, 2010  By: /s/ Dana C. Johnson
Dana C. Johnson
Attorney for Plaintiff EEOC

---

successor liability for prospective injunctive relief, or (2) prohibiting the sale altogether.

2