**27**

Winston & Strawn LLP
Richard A. Lapping (SBN: 107496)
rlapping@winston.com
David A. Honig (SBN: 160721)
dhonig@winston.com
Marcus Colabianchi (SBN: 208698)
mcolabianchi@winston.com
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Chapter 11 Trustee
BEVERLY N. MCFARLAND

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

| | |
|---|---|
| In re: | Case No. 09-40066 |
| FOOD SERVICE MANAGEMENT, INC. et al.,[1] | Chapter 11 |
| Debtors. | **(Jointly Administered with Case Nos. 09-40068, 09-40212, and 09-40214)** |
| ☐ Affects Food Service Management, Inc. | DC No. WS-17 |
| ☒ Affects Kobra Associates, Inc. | |
| ☐ Affects Sierra Valley Restaurants, Inc. | |
| ☐ Affects Central Valley Food Services, Inc. | |
| ☐ Affects All Debtors | |

**NOTICE OF APPEAL BY THE CHAPTER 11 TRUSTEE OF SALE ORDER AND PROVISIONS THEREOF THAT RELATE TO CLAIM OF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Beverly N. McFarland, in her capacity as chapter 11 trustee (the "Trustee") for Food

Service Management, Inc., Sierra Valley Restaurants, Inc., Central Valley Food Services, Inc., and

Kobra Associates, Inc. (collectively, the "Debtors"), hereby appeals under 28 U.S.C. § 158(b) from

the Order on Chapter 11 Trustee's Motion Approving Going Concern Sale of Substantially all

---

[1] The Debtors in these proceedings are: Food Service Management, Inc., Kobra Associates, Inc., Sierra Valley Restaurants, Inc., and Central Valley Food Services, Inc.

1

Operating Assets Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11

U.S.C. § 363, entered on April 12, 2010 as Docket No. 807 (the "Order"), a copy of which is

attached hereto as Exhibit A.

The name of all parties to the Order and the names, addresses, and telephone numbers

of their respective attorneys are as follows:

**Beverly N. McFarland, Chapter 11 Trustee**
Richard A. Lapping, Esq.
David A. Honig, Esq.
Marcus Colabianchi, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000

**Counsel for U.S. Equal Employment Opportunity Commission**
William R. Tamayo, Esq.
David F. Offen-Brown, Esq.
Dana C. Johnson, Esq.
U.S. Equal Employment Opportunity Commission
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone: (415) 625-5697

**Counsel for Official Committee of Creditors**
Marc S. Cohen, Esq.
Kaye Scholer LLP
1999 Ave of the Stars #1700
Los Angeles, CA 90067
Telephone: (310) 788-1000

**Attorneys for Kobra Restaurant Properties**
Douglas E. Kirkman, Esq.
Wagner Kirkman Blaine Klomparens & Youmans LLP
10640 Mather Blvd., Ste. 200
Mather, CA 95655
Telephone: (916) 920-5286

**Counsel to Irwin Franchise Capital Corp.**
Raymond A. Policar, Esq.
Law Offices of Raymond A. Policar
P.O. Box 74093
Davis, CA 95617-5093
Telephone: (530) 756-5701

**Counsel for Steven L. Victor, Trustee for Kobra Properties, et al.**
Donald Fitzgerald, Esq.
Felderstein Fitzgerald Willoughby & Pascuzzi, LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400

**Counsel to City National Bank**
Alan G. Tippie, Esq.
Elissa D. Miller, Esq.
SulmeyerKupetz
333 South Hope Street, 35th Floor
Los Angeles, CA 90071
Telephone: (213) 626-2311

**Counsel for CEF Funding II, L.L.C. and CEF Funding V, LLC**
J. David Bournazian, Esq.
Kutak Rock LLP
18201 Von Karman Avenue, Ste. 1100
Irvine, CA 92612-1077
Telephone: (949) 417-0999

**Counsel to National Bank of Arizona**
John R. Clemency, Esq.
Gallagher & Kennedy, P.A.
2575 E. Camelback Rd., Suite 1100
Phoenix, AZ 85016
Telephone: (602) 530-8000

**Counsel to Jack in the Box, Inc.**
Peter L. Duncan, Esq.
Pyle Sims Duncan & Stevenson
401 B Street, Suite 1500
San Diego, CA 92101
Telephone: (619) 687-5200

LA:267485.5

**Counsel to Equity Lenders, LLC, and**
**B-Y Investments, Inc.**
George C. Hollister, Esq.
Hollister Law Corporation
655 University Ave., Ste 200
Sacramento, CA 95825
Telephone: (916) 488-3400

**Counsel to Union Bank**
Michele Sabo Assayag, Esq.
Assayag & Mauss
2915 Redhill Ave., Suite 200
Costa Mesa, CA 92626
Telephone: (714) 427-6800

**Counsel for Wells Fargo Bank, N.A.**
Eoin L. Kreditor, Esq.
Lydia J. Lake, Esq.
Friedman, Stroffe & Gerard, P.C.
19800 MacArthur Blvd, Suite 1100
Irvine, CA 92612
Telephone: (949) 265-1100

**Counsel for Shasta County**
David M. Yorton, Jr., Esq.
Shasta County Counsel
1450 Court St., Rm. 332
Redding, CA 96001
Telephone: (530) 225-5711

Dated: April 26, 2010                    WINSTON & STRAWN LLP


By:    /s/ Richard A. Lapping
       Richard A. Lapping
       Attorneys for Chapter 11 Trustee
       BEVERLY N. MCFARLAND

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

3

LA:267485.5

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1

## EXHIBIT A

2

3

*(Order On Chapter 11 Trustee's Motion Approving Going Concern Sale of Substantially All Operating Assets Free and Clear Of Liens, Claims, Encumbrances, And Interests Pursuant To 11 U.S.C. § 363)*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA:267485.5

23

WINSTON & STRAWN LLP
Richard A. Lapping (SBN: 107496)
rlapping@winston.com
David A. Honig (SBN: 160721)
dhonig@winston.com
Marcus Colabianchi (SBN: 208698)
mcolabianchi@winston.com
101 California Street
San Francisco, CA 94111-5802
Telephone:     (415) 591-1000
Facsimile:     (415) 591-1400

Attorneys for Trustee
BEVERLY N. MCFARLAND

FILED

APR 1 2 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

| | |
|---|---|
| In re: | Case No. 09-40066 |
| FOOD SERVICE MANAGEMENT, INC. et al.,[1] | Chapter 11 |
| Debtors. | **(Jointly Administered with Case Nos. 09-40068, 09-40212, and 09-40214)** |
| ☐ Affects Food Service Management, Inc. | DC No. WS-17 |
| ☐ Affects Kobra Associates, Inc. | Date:     March 17, 2010 |
| ☐ Affects Sierra Valley Restaurants, Inc. | Time:     10:00 a.m. |
| ☐ Affects Central Valley Food Services, Inc. | Dept.:     C |
| ☒ Affects All Debtors | |

**ORDER ON CHAPTER 11 TRUSTEE'S MOTION APPROVING GOING CONCERN SALE OF SUBSTANTIALLY ALL OPERATING ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363**

---

[1] The Debtors in these proceedings are: Food Service Management, Inc., Kobra Associates, Inc., Sierra Valley Restaurants, Inc., and Central Valley Food Services, Inc.

RECEIVED
March 24, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002509387

1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    Upon the motion (the "Sale Motion")[2] of Beverly N. McFarland, in her capacity as

2    the duly appointed and acting Chapter 11 trustee (the "Trustee") of Food Service Management, Inc.,

3    Sierra Valley Restaurants, Inc., Central Valley Foods Services, Inc., and Kobra Associates, Inc.

4    (collectively, the "Debtors") for entry of an order (this "Sale Order") approving the sale (the "Sale")

5    of substantially all of the Debtors' assets (the "Assets") to the Successful Bidders (as defined below)

6    pursuant to the Asset Purchase Agreements on file with the Court as Exhibits A through F to the

7    Supplement to the Sale Motion (Docket No. 659) (collectively, the "Purchase Agreements"); and

8    ~~after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:~~  *finding of fact and conclusions of law having been made orally on the record* WHEREAS

9    FOUND AND DETERMINED THAT:

10    1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

11    This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this District and

12    before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

13    2.    In this Sale Order, findings of fact shall be construed as conclusions of law and

14    conclusions of law shall be construed as findings of fact when appropriate.

15    3.    As evidenced by the certificates of service filed with the Court, and based on the

16    representations of counsel at the hearing, notice of the hearing on the Sale Motion and the Sale

17    transactions described and contemplated by the Purchase Agreements was proper and sufficient and

18    in accordance with applicable provisions of title 11 of the United States Code, as amended (the

19    "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the local

20    rules of this district and other applicable orders of this Court.

21    4.    The Court's ~~Order~~ Granting Trustee's Motion for Approval of Bidding Procedures

22    and Forms of Notice In Connection with Going-Concern Sale of Substantially All Operating Assets

23    Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363, and

24    related Assumption and Assignment of Executory Contracts Pursuant to 11 U.S.C. § 365 or in the

25    Alternative Through a Plan Filed by the Trustee Pursuant to 11 U.S.C. §§ 1106(a)(5) and 1121

26    [Docket No. 438] ~~shall hereinafter be referred to as~~ (the "Sale Procedures Order")

27

28    ---
       [2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them
       in the Sale Motion.

SF:276774.8

*[handwritten: and the court being satisfied that]*

1    ~~5.~~ *[handwritten: B.]* ~~The~~ notice of hearing on the Sale Motion and the opportunity to bid on the Assets was

2    adequate, sufficient, and proper, ~~and no further notice of the Sale Motion or of entry of this Sale~~

3    ~~Order is necessary.~~

4         6.    A reasonable opportunity to object or to be heard regarding the relief requested in the

5    Sale Motion has been afforded to all interested persons and entities, including the following: (i) the

6    Office of the United States Trustee for the Eastern District of California, (ii) the Pre-Petition Secured

7    Lenders and all other entities known to have asserted any lien in or upon any of the Assets, (iii) the

8    Official Committee of Unsecured Creditors ("the Committee"), (iv) the Internal Revenue Service

9    and all other applicable state and local taxing authorities, (v) all parties who have requested special

10   notice, (vi) holders of equity interests in the Debtors, (vii) all known creditors of the Debtors, (viii)

11   all "Counterparties", as such term is defined in the Order Authorizing Trustee to Assume and Assign

12   Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the

13   Debtors' Assets (the "Assignment Order") entered contemporaneously herewith, and to the extent

14   known to the Trustee, secured lenders to Counterparties, and (ix) the Equal Opportunity

15   Employment Commission ("EEOC").

16        7.    The Assets have been adequately marketed and the sale process has been conducted

17   in a commercially reasonably manner in accordance with the Sale Procedures Order.

18   ~~8.~~ *[handwritten: C.]* Pursuant to the Sale Procedures Order, the Trustee conducted the Auction at Citizen

19   Hotel, 926 J Street, Sacramento, California on February 23 and 24, 2010. A final combined price of

20   $39,018,877 was achieved for all 66 stores. *[handwritten: based on]* The highest and best bids were made by TBS Foods,

21   Inc., Nor-Cal Venture Group, Inc., Devika Restaurants, Inc., Indo Cal Foods Inc., and RVS Foods,

22   Inc. (collectively, the "Successful Bidders") as follows:

### SACRAMENTO REGION NO. 1

| Store Number | Address | Owner | Buyer | Price |
|---|---|---|---|---|
| 467 | 337 G Street Davis, CA 95616 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $540,000 |
| 489 | 6131 Greenback Lane Citrus Heights, CA 95621 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $850,000 |
| 512 | 1200 E. Main Street Woodland, CA 95776 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $48,000 |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

3

| Store Number | Address | Owner | Buyer | Price |
|---|---|---|---|---|
| 518 | 13751 Mono Way Sonora, CA 95370 | Central Valley Food Services, Incorporated | Nor-Cal Venture Group, Inc. | $810,000 |
| 532 | 4849 Madison Avenue Sacramento, CA 95841 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $372,000 |
| 546 | 1111 Colusa Avenue Yuba City, CA 95991 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $383,000 |
| 570 | 1923 Douglas Boulevard Roseville, CA 95661 | Food Services Management, Incorporated | Nor-Cal Venture Group, Inc. | $1,030,000 |
| 583 | 11801 Nevada City Highway Grass Valley, CA 95945 | Food Services Management, Incorporated | Nor-Cal Venture Group, Inc. | $1,498,000 |
| 585 | 4410 Rocklin Road Rocklin, CA 95677 | Food Services Management, Incorporated | Nor-Cal Venture Group, Inc. | $412,000 |
| 587 | 1130 Leisure Town Rd. Vacaville, CA 95677 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $440,000 |
| 593 | 2560 W. El Camino Avenue Sacramento, CA 95833 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $770,000 |
| 594 | 7795 Stockton Boulevard Sacramento, CA 95823 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $650,000 |
| 3426 | 8655 Auburn Boulevard Roseville, CA 95661 | Food Services Management, Incorporated | Nor-Cal Venture Group, Inc. | $920,000 |
| 3435 | 6691 Stanford Ranch Road Rocklin, CA 95677 | Food Services Management, Incorporated | Nor-Cal Venture Group, Inc. | $952,000 |
| 3436 | 9179 Elk Grove Florin Road Elk Grove, CA 95624 | Food Services Management, Incorporated | Nor-Cal Venture Group, Inc. | $1,200,000 |
| 3438 | 4820 Laguna Boulevard Elk Grove, CA 95758 | Food Services Management, Incorporated | Nor-Cal Venture Group, Inc. | $1,100,000 |
| 3454 | 150 Dorset Drive Dixon, CA 96520 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $870,000 |
| 3457 | 2010 East Main Street Woodland, CA 95776 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $850,000 |
| 3475 | 220 Nut Tree Parkway Vacaville, CA 95687 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $380,000 |
| 4313 | 455 Hwy 65 Lincoln, CA 95648 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $279,000 |
| 4323 | 7807 Sunrise Boulevard Citrus Heights, CA 95610 | Food Services Management, Incorporated | Nor-Cal Venture Group, Inc. | $700,000 |
| 4329 | 4435 Florin Road Sacramento, CA 95823 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $679,000 |
| 4330 | 4300 Madison Sacramento, CA 95842 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $321,000 |
| 4336 | 11222 Old Mill Lane Martell, CA 95654 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $160,000 |
| 4359 | 1030 Tharp Road Yuba City, CA 95993 | Kobra Associates, Inc. | Nor-Cal Venture Group, Inc. | $161,000 |
| 4367 | 10390 Twin Cities Galt, CA 95632 | Food Services Management, Incorporated | Nor-Cal Venture Group, Inc. | $1,100,000 |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

SF:276774.8

## SACRAMENTO REGION NO. 2

| 471 | 13421 Lincoln Way<br>Auburn, CA 95603 | Kobra Associates, Inc. | Devika Restaurants, Inc. | $50,000 |
|---|---|---|---|---|
| 475 | 290 East Monte Vista Ave.<br>Vacaville, CA 95688 | Kobra Associates, Inc. | Devika Restaurants, Inc. | $50,000 |
| 535 | 2680 Grass Valley Hwy.<br>Auburn, CA 95603 | Kobra Associates, Inc. | Devika Restaurants, Inc. | $110,000 |
| 548 | 2293 Arden Way<br>Sacramento, CA 95825 | Kobra Associates, Inc. | Devika Restaurants, Inc. | $110,000 |
| 3465 | 3970 County Road 89<br>Dunnigan, CA 95967 | Kobra Associates, Inc. | Devika Restaurants, Inc. | $205,000 |

## FRESNO REGION NO. 1

| Store Number | Address | Owner | Buyer | Price |
|---|---|---|---|---|
| 441 | 2124 North Blackstone Highway<br>Fresno, CA 93703 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $285,123 |
| 465 | 595 W. Olive Avenue<br>Merced, CA 95348 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $1,397,123 |
| 507 | 3025 East Shaw Avenue<br>Fresno, CA 93710 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $621,123 |
| 509 | 3110 East Tulare<br>Fresno, CA 93702 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $1,708,123 |
| 519 | 1300 Jensen Ave<br>Sanger, CA 93657 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $817,123 |
| 524 | 950 North Gateway Dr.<br>Madera, CA 93637 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $1,980,123 |
| 526 | 2195 W. Shaw<br>Fresno, CA 93711 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $120,123 |
| 538 | 6720 North Blackstone<br>Fresno, CA 93710 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $653,123 |
| 580 | 1270 V Street<br>Merced, CA 95340 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $814,123 |
| 582 | 4968 East Kings Canyon<br>Fresno, CA 93727 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $256,123 |
| 589 | 1898 Bellvue Road<br>Atwater, CA 95301 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $917,123 |
| 3222 | 1132 Clovis Avenue<br>Clovis, CA 93612 | Sierra Valley Restaurants, Inc. | TBS Foods, Inc. | $126,123 |
| 3294 | 3085 E. Central Avenue<br>Fresno, CA 93725 | Sierra Valley Restaurants, Inc. | TBS Foods, Inc. | $502,123 |
| 3295 | 8008 N. Cedar Avenue<br>Fresno, CA 93720 | Sierra Valley Restaurants, Inc. | TBS Foods, Inc. | $181,123 |
| 3367 | 4085 N. Golden State Boulevard<br>Fresno, CA 93722 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $840,123 |

Winston & Strawn LLP<br>101 California Street<br>San Francisco, CA 94111-5894

SF:276774.8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

| Store Number | Address | Owner | Buyer | Price |
|---|---|---|---|---|
| 3398 | 1167 N. Clovis Fresno, CA 93727 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $800,123 |
| 3399 | 18158 Avenue 24 Chowchilla, CA 93610 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $110,123 |
| 3530 | 3058 W. Clinton Avenue Fresno, CA 93722 | Sierra Valley Restaurants, Inc. | TBS Foods, Inc. | $505,417 |
| 3541 | 28692 Ave 12 Madera, CA 93637 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $793,123 |
| 3567 | 1680 Herndon Avenue Clovis, CA 93611 | Central Valley Food Services, Incorporated | TBS Foods, Inc. | $199,123 |
| 4351 | 400 Joseph Gallo Court Livingston, CA 95334 | Sierra Valley Restaurants, Inc. | TBS Foods, Inc. | $392,123 |

## FRESNO REGION NO. 2

| Store Number | Address | Owner | Buyer | Price |
|---|---|---|---|---|
| 4372 | 40070 Hwy 49 Oakhurst, CA 93644 | Central Valley Food Services, Inc. | Indo Cal Foods Inc. | $400,000 |
| 5379 | 6759 N. Milburn Fresno, CA 93722 | Sierra Valley Restaurants, Inc. | Indo Cal Foods Inc. | $400,000 |

## CHICO REGION

| Store Number | Address | Owner | Buyer | Price |
|---|---|---|---|---|
| 446 | 500 Broadway Chico, CA 95928 | Kobra Associates, Inc. | TBS Foods, Inc. | $477,048 |
| 513 | 6729 Skyway Paradise, CA 95969 | Kobra Associates, Inc. | TBS Foods, Inc. | $629,977 |
| 549 | 2542 The Esplanade Chico, CA 95973 | Kobra Associates, Inc. | TBS Foods, Inc. | $442,797 |
| 3403 | 1075 South Main Street Red Bluff, CA 96080 | Food Services Management, Incorporated | TBS Foods, Inc. | $768,397 |
| 3406 | 1045 Dana Drive Redding, CA 96003 | Food Services Management, Incorporated | TBS Foods, Inc. | $413,059 |
| 3486 | 4085 Railroad Avenue Redding, CA 96001 | Kobra Associates, Inc. | TBS Foods, Inc. | $670,719 |
| 3489 | 3098 Highway 99 W Corning, CA 96021 | Kobra Associates, Inc. | TBS Foods, Inc. | $547,234 |
| 4350 | 1955 20th Street Chico, CA 95928 | Kobra Associates, Inc. | TBS Foods, Inc. | $559,165 |
| 4361 | 800 E. Cypress Avenue Redding, CA 96002 | Food Services Management, Incorporated | TBS Foods, Inc. | $658,652 |
| 4368 | 2010 Arby Way Anderson, CA 96007 | Food Services Management, Incorporated | TBS Foods, Inc. | $732,952 |

SF:276774.8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## EUREKA REGION

| Store Number | Address | Owner | Buyer | Price |
|---|---|---|---|---|
| 4317 | 1620 Broadway Eureka, CA 95501 | Kobra Associates, Inc. | RVS Foods, Inc. | $225,000 |
| 4327 | 1233 6th Street Crescent City, CA 95531 | Kobra Associates, Inc. | RVS Foods, Inc. | $75,000 |

9. The Trustee has demonstrated (i) good, sufficient and sound business purpose and justification and (ii) compelling circumstances for the sale of the Assets other than in the ordinary course of business, pursuant to Bankruptcy Code section 363(b), because, among other things, the immediate consummation of the Sale to the Successful Bidders is necessary and appropriate to maximize the value of the Debtors' estates, and the sale of the Assets will provide the means for the Trustee to maximize distributions to creditors and enable the successful confirmation of a plan of liquidation.

10. The purchase price for the Assets and the terms of the Purchase Agreements were negotiated, proposed, and have been or will be entered into by the parties thereto without collusion, in good faith, from arms-length bargaining positions and for good and fair value. Neither the Trustee, the Debtors, nor the Successful Bidders have engaged in any conduct that would cause or permit the Purchase Agreements to be avoided under 11 U.S.C. § 363(n).

11. The sale of the Assets outside of a plan of reorganization pursuant to the Purchase Agreements is reasonable and appropriate under the circumstances and does not impermissibly dictate the terms of any such plan.

12. Subject to the provisions contained therein, the Pre-Petition Secured Lenders have consented to the Sale to Successful Bidders under the terms and conditions of the Purchase Agreements or, to the extent that the Pre-Petition Secured Lenders have not so consented, their objections have been withdrawn or overruled or are otherwise addressed in this Sale Order.

13. The Purchase Agreements and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court,

7

SF:276774.8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   provided that any such modification, amendment or supplement has no material adverse effect on the

2   Successful Bidders or on the Debtors' estates.

3        14.   Except as expressly provided in paragraphs 15(a) and 15(b) of this Sale Order, at least

4   one of the subsections of Section 363(f) of the Bankruptcy Code is, or pursuant to the terms of this

5   Sale Order has been, satisfied with respect to each of the parties purportedly holding or asserting any

6   lien, claim, encumbrance or other interest with respect to any of the Assets.

7        15.   Among the objections to the Sale were the following:

8        a.   Based upon the action entitled *EEOC v. Kobra Associates, Inc., d/b/a Jack in the Box,*

9        Case No. 2:09-CV-03546-MCE-JFM (E.D. Cal.) and related EEOC legal,

10        investigative, and administrative activity (collectively, the "EEOC Matter"), the

11        EEOC has asserted that Debtor Kobra Associates, Inc., may not sell the Assets (the

12        "Store 513 Assets") in connection with Store 513 (6729 Skyway, Paradise, CA

13        95969) ("Store 513") free and clear of the EEOC's requests for injunctive relief in the

14        EEOC Matter (the "EEOC Injunctive Relief Claims"). The Trustee has opposed the

15        EEOC's position.

16        b.   In addition, the Tax Collector of Shasta County ("Shasta County") has asserted that,

17        pursuant to California Revenue & Taxation Code §§ 2191.3 and 2191.4, Shasta

18        County holds statutory liens arising from unpaid personal property taxes in an amount

19        of approximately $91,173.08 (the "Shasta Lien Claim") with respect to equipment

20        owned by certain Debtors. The Trustee has not determined the exact allowable

21        amount of Shasta County's secured claim, but acknowledges that at least a portion of

22        the Shasta Lien Claim may be payable in connection with the Sale.

23        c.   Further, the Committee has objected to the Sale on the ground that a sale under

24        Section 363 of the Bankruptcy Code should not be approved unless it provides

25        benefits to unsecured creditors. The Trustee has disagreed with the Committee's

26        position.

27   16. *and the court having no reason to doubt that* Each of the JIB Transferees (as such term is defined in the Assignment Order) and the

28   Successful Bidders (collectively with the JIB Transferees, the "Acquisition Parties," and each an

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  "Acquisition Party") is a good-faith purchaser of the Assets within the meaning of Section 363(m) of

2  the Bankruptcy Code ~~and is~~ entitled to all of the protections afforded under that statute. ~~in that~~ Each

3  Acquisition Party has disclosed or will disclose, as applicable, all payments that it will make, and all

4  agreements or arrangements with the Trustee or any other party in interest that it will enter into,

5  under or in connection with the Purchase Agreements. ~~In the absence of a stay pending appeal,~~ and

6  ~~closing the Sale in the face of an appeal will not deprive the Acquisition Parties of their status as~~

7  ~~good-faith purchasers. Each of the Acquisition Parties is a good-faith purchaser for value of the~~

8  ~~Assets without notice of any voidable transaction relating thereto within the meaning of Section~~

9  ~~550(b)(1) of the Bankruptcy Code.~~

10       17. The sale of the Assets to each Successful Bidder for the consideration set forth in the

11  applicable Purchase Agreement ~~is~~ appearing to be in the best interest of the Debtors' estates, their creditors and all

12  parties in interest. The total consideration to be received pursuant to the Purchase Agreements, and

13  each of them, ~~is~~ being fair and reasonable.

14       18. ~~The~~ and The Trustee ~~has full~~ having corporate power and authority to execute the Purchase

15  Agreements, any related agreements and all other documents contemplated by the Purchase

16  Agreements or such other related agreements as the Trustee or the Acquisition Parties deem

17  necessary or appropriate to effectuate any of the transactions contemplated thereby, and the sale,

18  transfer, conveyance and/or assignment of the Assets by the Trustee ~~has been~~ having duly and validly

19  authorized by all necessary corporate power and authority necessary to consummate the transactions

20  contemplated by the Purchase Agreements. and ~~Except~~ except as otherwise expressly provided in this Sale

21  Order or the Assignment Order, (a) Jack in the Box Inc. ("JIB Corporate"), ~~has~~ having irrevocably delivered

22  each consent, authorization, waiver, or approval that may be required for the consummation of the

23  transactions with the Acquisition Parties contemplated by the Purchase Agreements, and (b) no other

24  consents or approvals are required for the Trustee and the Acquisition Parties to consummate such

25  transactions. In that connection, JIB Corporate has consented to the assumption and assignment of

26  the Key JIB Agreements (as such term is defined in the Assignment Order) to the following JIB

27  Transferees associated with the Successful Bidders set forth below, along with the respective

28  ownership interests (where known) of each of the JIB Transferees in such Successful Bidders:

9

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**TBS Foods, Inc.**
Behzad Nematzadeh – 25%
Sudesh K. Sood – 37.5%
Terry O. Herrick – 37.5%

**Nor-Cal Venture Group, Inc.**
Anil S. Yadav - 56%
Shilpi Mayank Patel - 7%
Jagdish M. Patel - 10%
Ashok C. Patel - 7%
Sumit Sharma - 10%
Sidhant Dhir - 10%

**Devika Restaurants, Inc.**
Sunita Sagar - 50%
Dev M. Sagar - 50%

**Indo Cal Foods Inc.**
Jyoti Madhura - 50%
Sanjiv Bhagat - 50%

**RVS Foods, Inc.**
Richard Foley
Romesh Japra
Vikram Paul

Notwithstanding the foregoing, as of the date of this Sale Order, (x) JIB Corporate has not delivered any consent, authorization, waiver, or approval that may be required for the Trustee to consummate any transaction with any proposed or potential Back-Up Bidder (as defined in the Sale Procedures Order), (y) JIB Corporate has not waived its ROFR (as defined in the Sale Procedures Order) with respect to any Back-Up Bid (as defined in the Sale Procedures Order), and (z) JIB has reserved its matching rights under paragraphs 11(xx) and 11(xxiii)(C) of the Sale Procedures Order with respect to any bidder (including, without limitation, any Back-Up Bidder) other than the Successful Bidders.

No showing has been made that the Sale of the Assets contemplated by the Purchase Agreements involves "personally identifiable information" as defined in Bankruptcy Code Section 101(41A) and used in Bankruptcy Code Section 363(b)(1).

There is no just reason to delay the Closing of the Sale. The Trustee's ongoing operational costs (which costs will be substantially reduced after the Sale closes) constitute good cause to expeditiously enact the Closing of the Sale and to terminate the stay imposed by Bankruptcy Rule 6004(h).

10

SF:276774.8

21. The professional services provided by National Franchise Sales, Inc. and the related costs and expenses incurred in connection with the Sale were necessary, reasonable and appropriate under the circumstances.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

22. The notice of the Sale Motion and the hearing thereon is approved as being fair, reasonable and adequate under the circumstances.

23. Subject to any limitations or modifications contained herein, without need for any further Court order, (a) the Sale Motion is granted, (b) the Purchase Agreements and all of the terms and conditions contained therein are approved, except as modified herein or in the Assignment Order, (c) all objections to the Sale Motion or the relief requested in the Sale Motion that have not otherwise been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on their merits, (d) the sale proceeds shall be imbued with the Committee's contention that a carve-out for trade and/or convenience class claims can and should be negotiated or provided for; and (e) the Trustee is authorized to enter into the Purchase Agreements and is further authorized to take any and all actions necessary or appropriate to consummate and carry out the transactions described therein or in the Sale Motion, and to undertake the obligations or other matters imposed, required or provided for therein.

24. Pursuant to Sections ~~105(a),~~ 363(f) and 365 of the Bankruptcy Code, and without further Court order, the Assets shall be transferred, sold and/or assigned and delivered to the Acquisition Parties, as applicable, and consummation of the transactions embodied in the Purchase Agreements shall be effective as of the Closing.

25. Pursuant to Section 363(f) of the Bankruptcy Code and without further order of the Court, upon Closing, except as expressly provided in paragraph 18 of this Sale Order with respect to JIB Corporate or in paragraph 29 of this Sale Order with respect to EEOC, the Assets shall vest in the Acquisition Parties, as applicable, all right, title and interest of the Debtors, the Trustee, and the bankruptcy estates in and to the Assets, free and clear of any liens, claims, encumbrances or other interests in or with respect to the Assets, including all security interests, liens, mortgages, encumbrances, title defects, claims, liabilities, obligations, franchise or similar rights, and rights of

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

11

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1     first offer or first refusal or similar adverse interests of any kind or character, that are asserted by the

2     persons who were served with notice of the Sale Motion (collectively, the "<u>Affected Interests</u>"). All

3     rights of first offer or first refusal of JIB Corporate with respect to the direct or indirect transfer of

4     the Key JIB Agreements to the Acquisition Parties shall be included in the definition of Affected

5     Interests. All rights of first offer or first refusal of JIB Corporate under the Key JIB Agreements

6     shall not be included in the definition of Affected Interests with respect to any subsequent transfer or

7     assignment by the Successful Bidders or any transferee thereof or, if applicable, the Back-up

8     Bidders.

9         26.      Except as expressly provided in paragraphs 25 and 29 of this Sale Order, the

10     Acquisition Parties are not assuming any successor liability for any claim asserted by any actual or

11     contingent holder of any claim against or interest in property of the Trustee or any of the Debtors,

12     without limitation and without regard to whether litigation has been commenced against the Trustee

13     or any of the Debtors by the holder of such claim or interest.

14         27.      This Sale Order is and shall be effective as a determination that, upon and subject to

15     the occurrence of the Closing, except as expressly provided in paragraph 29 of this Sale Order, (a)

16     all Affected Interests have been and hereby are adjudged and declared to be unconditionally released

17     as to the Assets, and (b) the conveyance of the Assets has been made free and clear of all Affected

18     Interests.

19         28.      Except as expressly provided in this paragraph 28 or in paragraph 29 of this Sale

20     Order, any Affected Interest that is not satisfied prior to or concurrently with the Closing (including,

21     without limitation, the Shasta Lien Claim) shall attach to and/or be payable from the portion of the

22     proceeds of the Sale allocable to the property which was subject to the administrative expense, lien,

23     claim, encumbrance or interest in exactly the same priority, validity and extent as such

24     administrative expense, lien, claim, encumbrance or interest has at the time of the Closing. Without

25     limiting the generality of the foregoing, the liens and claims of each Pre-Petition Secured Lender

26     shall attach to the entirety of the proceeds of the Assets constituting the collateral of such Pre-

27     Petition Secured Lender that is authorized to be sold pursuant to this Sale Order.

28

SF:276774.8

*(and Store 446, Store 3486, and Store 4350, to the extent such stores remain under common ownership, control, or management)*

29. Notwithstanding any contrary provision of paragraphs 25 through 28 of this Sale Order, the Store 513 Assets *446, 3486, 4350* shall remain subject to, and the sale of the Store 513 Assets shall not be *in Case No. 2:09-CV-03546-MCE-JFM (E.D. Cal.)* free and clear of, the EEOC Injunctive Relief Claims to the extent that (a) the EEOC Injunctive Relief Claims do not constitute "claims" (within the meaning of Section 101(5) of the Bankruptcy Code) and (b) the EEOC could not be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interests (within the meaning of Section 363(f)(5) of the Bankruptcy Code) in the Store 513 Assets with respect to the EEOC Injunctive Relief Claims; provided, that (x) the foregoing provisions of this paragraph 29 shall be without prejudice to the rights, claims, or defenses of the Trustee, the EEOC, TBS Foods, Inc. ("TBS"), the Pre-Petition Secured Lenders, or any other party in interest with respect to Store 513, the Store 513 Assets, the EEOC Injunctive Relief Claims, or any other factual or legal issue respecting the EEOC Matter; and (y) notwithstanding any contrary provision of the applicable Purchase Agreement (the "TBS Chico Purchase Agreement") between TBS and the Trustee, (i) TBS shall be under no obligation to consummate a purchase of the Store *446, 3486, 4350* 513 Assets, (ii) TBS shall notify the Trustee in writing no later than March 31, 2010, whether it has *446, 3486, 4350* elected to purchase the Store 513 Assets, and (iii) if TBS declines to consummate the purchase *an/or all* of the *aforesaid assets* Store 513 Assets, TBS and the Trustee will proceed to consummate the transactions contemplated by the TBS Chico Purchase Agreement with the same effect as if the Trustee had determined to close Store 513 pursuant to Sections 2.4.1 and 5.1 of the TBS Chico Purchase Agreement, and the Good *the aforesaid stores* Faith Deposit allocable to Store 513 shall be returned to TBS pursuant to Section 2.3.1 of the TBS Chico Purchase Agreement.

30. This Sale Order is a final and enforceable order immediately upon entry. *to the extent permitted by law.* The 14-day stay under Bankruptcy Rule 6004(h) is hereby waived. To the extent necessary under Rules 5003, 9014, 9021 and 9022 of the Bankruptcy Rules, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order and expressly (i) directs entry of this Sale Order, and (ii) authorizes the Trustee to consummate the transactions as soon as practicable. *All Parties* The Court acknowledges that time is of the essence in closing the transactions contemplated in the Purchase Agreements and the Trustee and the Successful Bidders intend to close such transactions as soon as practicable.

13

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

SF:276774.8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

31.     All amounts collected by the Trustee with respect to the Assets shall, as soon as practicable after receipt thereof, be deposited in one or more accounts designated by the Trustee (collectively, the "Proceeds Account") with all liens (including, without limitation, the full amount of the Shasta Lien Claim and the claims of Pre-Petition Secured Lenders as described in paragraph 28) attaching to the proceeds with the same priority, validity and extent as such liens had against the Assets as of the Closing, and any allowed claims or administrative expenses relating to any Affected Interest shall be paid from the Proceeds Account.   For the avoidance of doubt, such liens shall be subject and subordinate to the rights of Counterparties as determined by or pursuant to the Assignment Order.   The Trustee is authorized to pay or direct payment from the Proceeds Account to the applicable recipients, without further order of the Court, (a) as promptly as practicable after the determination thereof, all undisputed cure amounts payable to Counterparties under or pursuant to the Assignment Order, (b) following reasonable notice and opportunity to be heard as to all parties that claim an interest in the affected funds, cure amounts in dispute, upon the agreement of all such affected parties or determination of such cure amounts by the Court, and (c) as and when payable, in the exercise of the Trustee's discretion and business judgment, to satisfy any outstanding expenses, costs, prorations and other obligations incurred in the Debtors' postpetition operations or associated with the sale and related transitional matters (excluding any professional fees or costs incurred by the Trustee, the Committee or their respective professionals retained pursuant to Sections 327 through 330 of the Bankruptcy Code), up to a maximum aggregate amount of $4,000,000, provided, that as to any Debtor, such expenses shall be payable only from proceeds of the sale of Assets of that Debtor's estate.   Except as expressly provided in the immediately preceding sentence, no funds deposited in the Proceeds Account may be disbursed to any person or entity without further order of the Court.

32.     The Purchase Agreements and all other documents, agreements, and instruments necessary to effectuate and consummate the transactions contemplated by the Purchase Agreements, together with the terms and provisions of this Sale Order, shall be binding upon and shall inure to the benefit of the Trustee, the Debtors, the Acquisition Parties, and their respective successors and assigns, including, without limitation, any trustee, responsible person, estate administrator,

14

SF:276774.8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1 representative or similar person hereinafter appointed for or in connection with any of the Debtors'

2 estates or affairs in this or in any subsequent case under the Bankruptcy Code involving the Debtors.

3       33.     To the extent that any prior orders of this Court, other than the Assignment Order, are

4 inconsistent with this Sale Order and the Purchase Agreements, this Sale Order and the Purchase

5 Agreements shall, in all cases, govern.

6       34.     In the event that the Successful Bidders and the Trustee agree in writing to waive the

7 condition contained in the Purchase Agreements that the sale of the Assets to the Successful Bidders

8 close no later than April 15, 2010 (and neither the Successful Bidders nor the Trustee shall be under

9 any obligation to waive such condition), the parties shall nonetheless be authorized to consummate

10 the sale without further order of this Court on the express condition that all other terms and

11 conditions of the Purchase Agreements not be altered in any respect; provided, however, that

12 notwithstanding any such waiver, if any, in no event shall the sale of Assets to the Successful

13 Bidders close later than April 30, 2010 (the "Outside Closing Date") unless otherwise ordered by the

14 Court.

15       35.     Pursuant to the Sale Procedures Order, certain Qualified Bidders have been selected

16 as Back-Up Bidders. The identity of the Back-Up Bidders is set forth in Exhibit A hereto. The

17 Trustee may allocate more or fewer stores to a Back-Up Bid than as set forth in Exhibit A, provided

18 that the total number of stores does not exceed any limit previously imposed by JIB Corporate with

19 respect to the corresponding Back-Up Bidder pursuant to paragraphs 11(vii) and 11(x) of the Sale

20 Procedures Order. The Trustee will promptly file and serve on all affected parties, including JIB

21 Corporate, a notice of any proposed change in the composition of the Back-Up Bids or Back-Up

22 Bidders. The Back-Up Bids shall be irrevocable until the earlier of 24 hours after the closing of the

23 Sale to the Successful Bidders or the business day after the Outside Closing Date. If any Successful

24 Bidder fails to consummate the sale according to the terms of its respective Purchase Agreement and

25 this Sale Order on or before the Outside Closing Date (or such later date as may be approved by the

26 Trustee, the Successful Bidder, and the Back-Up Bidder, or by further order of this Court), the

27 Trustee is authorized to consummate the sale to the Back-Up Bidder without further order from this

28 Court; provided, however, that (a) the Back-Up Bidder or constituent natural persons have been

SF:276774.8

1  approved by JIB Corporate as franchisees, and (b) JIB Corporate shall be entitled to exercise its

2  matching right with respect to any proposed sale to a Back-Up Bidder pursuant to paragraph

3  11(xxiii)(c) of the Sale Procedures Order. Such sale to the Back-Up Bidder shall be pursuant to the

4  terms and conditions of the applicable Purchase Agreement and otherwise on the same terms and
   *the court has no reason to doubt the*

5  conditions as set forth in this Sale Order including, but not limited to, the determination that such

6  Back-Up Bidder is also an entity that proposes to purchase the Assets in good faith pursuant to

7  Bankruptcy Code § 363(m), and is entitled to all of the protections of that section.

8      36.    Notwithstanding anything to the contrary that may be contained in the Purchase

9  Agreements, the Assets sold by the Trustee to the Successful Bidders or the Back-Up Bidders shall

10  not include any causes of action or claims under Sections 510, 544, 545 and 547-553 of the

11  Bankruptcy Code. For the avoidance of doubt, the Assets shall not include the Excluded Assets as

12  defined in the Purchase Agreements. The Excluded Assets (i) are and shall remain part of the

13  Debtors' estates and (ii) to the extent of the liens granted pursuant to the prepetition loan agreements

14  and applicable law, constitute collateral for the claims of the Pre-Petition Secured Lenders.

15      37.    This Sale Order is and shall be binding upon and shall govern the acts of all entities,

16  including, without limitation, all filing agents, filing officers, title agents, title companies, banks and

17  financial institutions, escrow agents and service providers, recorders of mortgages, recorders of

18  deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property,

19  administrative agencies, governmental departments, secretaries of state, federal, state and local

20  officials, and all other persons and entities who may be required by operation of law, the duties of

21  their office or contract, to accept, file, disburse, register or otherwise record or release any funds,

22  documents or instruments, or who may be required to report or insure any title or state of title in or

23  to any of the Assets. *To the extent not already inherent in the law,*

24      38.    This Court retains jurisdiction to enforce and implement the terms and provisions of

25  this Sale Order and the Purchase Agreements, all amendments thereto, any waivers and consents

26  thereunder, and each of the documents executed in connection therewith in all respects, including

27  retaining jurisdiction to (a) compel delivery of the Assets to the Acquisition Parties, (b) resolve any

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

16

1  disputes arising under or related to the Purchase Agreements, and (c) resolve any disputes regarding

2  liens, claims, or interests asserted against the Assets.

3        39.   The Acquisition Parties (a) expressly approve all terms of this Sale Order even if

4  contrary to the Purchase Agreements and (b) agree that to the extent this Sale Order is inconsistent

5  with the Purchase Agreements, this Sale Order shall control and the Purchase Agreements shall be

6  deemed so modified by this Sale Order.

7  Dated:   4/12/10

8                               United States Bankruptcy Court Judge

9  Approved as to form:

10

11  /s/ Marc Cohen
      Marc Cohen, Esq.

12     Kaye Scholer LLP
      Attorneys for the Official Committee of

13     Unsecured Creditors

14

15  /s/ Alan G. Tippie
      Alan G. Tippie, Esq.
      Sulmeyer Kupetz

16     Attorneys for City National Bank

17  /s/ John R. Clemency

18     John R. Clemency, Esq.
      Gallagher & Kennedy, P.A.

19     Attorneys for National Bank of Arizona

20  /s/ Peter Duncan

21     Peter Duncan, Esq.
      Pyle Sims Duncan & Peterson,

22     A Professional Corporation
      Attorneys for Jack in the Box Inc.

23

24  /s/ David M. Yorton, Jr.
      David M. Yorton, Jr., Esq.

25     Attorneys for Shasta County Tax Collector

26  /s/ Eoin L. Kreditor

27     Eoin L. Kreditor, Esq.
      Friedman, Stroffe & Gerard, P.C.

28     Attorneys for Wells Fargo Bank, N.A.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

17

/s/ George Hollister
George Hollister, Esq.
Hollister Law Corporation
Attorneys for Equity Lenders, LLC, and
B-Y Investments, Inc.


/s/ Michele Sabo Assayag
Michele Sabo Assayag, Esq.
Assayag & Mauss
Attorneys for Union Bank, N.A.


/s/ Raymond Policar
Raymond Policar, Esq.
Law Offices of Raymond A. Policar
Attorneys for Irwin Franchise Capital Corp.


/s/ Douglas Kirkman
Douglas Kirkman, Esq.
Wagner Kirkman Blaine, et al.
Attorneys for Silverleaf Entities and Kobra
Restaurant Properties, LLC


/s/ Donald Fitzgerald
Donald Fitzgerald, Esq.
Felderstein Fitzgerald Willoughby & Pascuzzi
Attorneys for Steven L. Victor, Trustee for
Kobra Properties, et al.


/s/ David Bournazian
David Bournazian, Esq.
Kutak Rock LLP
Attorneys for CEF Funding II, L.L.C. and CEF
Funding V, LLC

SF:276774.8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

*(Matrix of Successful Bidders and Backup Bidders)*

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SF:276774.8

# FINAL 2-24-2010

Sacramento

## Successful Bidder

| Bidder | Bid Price | Total Price |
|---|---|---|
| Anil Yadav | 17,475,000 | |
| Sunita Sagar | 525,000 | |
| | | 18,000,000 |

## Backup Bidder 1

| | Bid Price | Total Price |
|---|---|---|
| Ben Namatzadeh | 17,400,000 | |
| | | 17,400,000 |

## Backup Bidder 2

| | Bid Price | Total Price |
|---|---|---|
| David Curtis | 4,600,000 | |
| CJ Dhaliwal | 1,400,000 | |
| Shiraz Jivani | 5,800,000 | |
| Tooran Popal | 1,100,000 | |
| Sunita Sagar | 525,000 | |
| Anthony Virk | 1,200,000 | |
| Kiran Yasamanchi | 900,000 | |
| | | 15,525,000 |

**Fresno**

### Successful Bidder

| Bidder | Bid Price | 454 Fresno | 455 Merced | 507 Fresno | 509 Fresno | 519 Sanger | 524 Madera | 528 Fresno | 538 Fresno | 580 Merced | 582 Fresno | 589 Atwater | 3222 Clovis | 3294 Fresno | 3295 Fresno | 3387 Fresno | 3398 Fresno | 3399 Chowchilla | 3530 Fresno | 3541 Madera | 3587 Clovis | 4351 Livingston | 4372 Oakhurst | 5379 Fresno | Total Price |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ben Nematzadeh | 14,018,877 | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | 14,818,877 |
| Joyti Madhuri - C | 800,000 | | | | | | | | | | | | | | | | | | | | | | x | x | |

### Backup to Joyti Madhuri

| Bidder | Bid Price | 454 Fresno | 455 Merced | 507 Fresno | 509 Fresno | 519 Sanger | 524 Madera | 528 Fresno | 538 Fresno | 580 Merced | 582 Fresno | 589 Atwater | 3222 Clovis | 3294 Fresno | 3295 Fresno | 3387 Fresno | 3398 Fresno | 3399 Chowchilla | 3530 Fresno | 3541 Madera | 3587 Clovis | 4351 Livingston | 4372 Oakhurst | 5379 Fresno | Total Price |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ben Nematzadeh | 14,018,877 | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | 14,793,877 |
| Satvinder Dhillon - C | 775,000 | | | | | | | | | | | | | | | | | | | | | | x | x | |

### Backup to Ben Nematzadeh

| Bidder | Bid Price | 454 Fresno | 455 Merced | 507 Fresno | 509 Fresno | 519 Sanger | 524 Madera | 528 Fresno | 538 Fresno | 580 Merced | 582 Fresno | 589 Atwater | 3222 Clovis | 3294 Fresno | 3295 Fresno | 3387 Fresno | 3398 Fresno | 3399 Chowchilla | 3530 Fresno | 3541 Madera | 3587 Clovis | 4351 Livingston | 4372 Oakhurst | 5379 Fresno | Total Price |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Louise Stonehouse | 800,000 | | | | | | | | | | | | | | | | | | | | | | | | |
| Louise Stonehouse | 300,000 | | | | | | | | | | | | | | | | | | | | | | | | |
| Sunita Sagar | 1,700,000 | x | | x | | | | | | | | | | | | | | | | | | | | | |
| Tooran Popal | 850,000 | | x | | x | | | | | | | | | | | | | | | | | | | | |
| Joyti Madhuri | 750,000 | | | | | x | x | | | | | | | | | | | | | | | | | | |
| Joyti Madhuri | 800,000 | | | | | | | | | | | | | | | | | x | | | | | | | |
| Shiraz Jivani | 6,500,000 | | | | | | | x | x | x | x | x | x | x | x | x | x | | x | x | x | x | x | x | 11,700,000 |

Chico

| Bidder | Bid Price | 446 Chico | 513 Paradise | 549 Chico | 3403 Red Bluff | 3406 Redding | 3486 Redding | 3489 Corning | 4350 Chico | 4361 Redding | 4368 Anderson | Total Price |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Successful Bidder** | | | | | | | | | | | | |
| Ben Nematzadeh | 5,900,000 | x | x | x | x | x | x | x | x | x | x | 5,900,000 |
| **First Backup** | | | | | | | | | | | | |
| Anil Yadav | 1,900,000 | x | x | x | | | | | | | | |
| Tony Lutfi | 3,900,000 | | | | x | x | x | x | x | x | x | 5,800,000 |
| **Backup to Anil Yadav** | | | | | | | | | | | | |
| Shiraz Jivani | 1,500,000 | x | x | x | | | | | | | | |
| Tony Lutfi | 3,900,000 | | | | x | x | x | x | x | x | x | 5,400,000 |

# FINAL 2-24-2010

| | Bidder | Bid Price | Eureka | | Total Price |
|---|---|---|---|---|---|
| | | | 4317 Eureka | 4927 Crescent City | |
| 1 | Romesh Japra, Vikram Paul | 300,000 | x | x | 300,000 |