2009-40066
FILED
June 12, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002680474

3

WINSTON & STRAWN LLP
Richard A. Lapping (SBN: 107496)
rlapping@winston.com
David A. Honig (SBN: 160721)
dhonig@winston.com
Marcus Colabianchi (SBN: 208698)
mcolabianchi@winston.com
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Chapter 11 Trustee
BEVERLY N. MCFARLAND

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

In re:

FOOD SERVICE MANAGEMENT, INC. et al.,[1]

Debtors.

☐ Affects Food Service Management, Inc.
☐ Affects Kobra Associates, Inc.
☐ Affects Sierra Valley Restaurants, Inc.
☐ Affects Central Valley Food Services, Inc.
☒ Affects All Debtors

Case No. 09-40066

Chapter 11

**(Jointly Administered with Case Nos. 09-40068, 09-40212, and 09-40214)**

DC No. WS-17

Date: March 17, 2010
Time: 10:00 a.m.
Dept.: C

**SUPPLEMENT TO ORDER ON CHAPTER 11 TRUSTEE'S MOTION APPROVING GOING CONCERN SALE OF SUBSTANTIALLY ALL OPERATING ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363 [DOCKET NO. 807]**

Upon the motion (the "Sale Motion")[2] of Beverly N. McFarland, in her capacity as the duly appointed and acting Chapter 11 trustee (the "Trustee") of Food Service Management, Inc., Sierra Valley Restaurants, Inc., Central Valley Foods Services, Inc., and Kobra Associates, Inc. for

---

[1] The Debtors in these proceedings are: Food Service Management, Inc., Kobra Associates, Inc., Sierra Valley Restaurants, Inc., and Central Valley Food Services, Inc.
[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Sale Motion.

1

RECEIVED
June 03, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002680474

entry of an order (this "Sale Order") approving the sale (the "Sale") of substantially all of the Debtors' assets pursuant to the Asset Purchase Agreements on file with the Court as Exhibits A through F to the Supplement to the Sale Motion (Docket No. 659); the Sale Order, which was entered on April 13, 2010 as Docket No. 807 is hereby supplemented with the following:

IT IS HEREBY ORDERED as follows:

1. The Trustee is authorized to transfer to a blocked account (the "Blocked Account"), as soon as practicable, all or any portion of the funds held in the Proceeds Account currently maintained under escrow account number 865364467 at JPMorgan Chase Bank, N.A. The selection of the institution maintaining the Blocked Account, and the terms and conditions governing the Blocked Account, shall be subject to the discretion of the Trustee upon approval by the Office of the United States Trustee. Except as permitted by this order, no distributions from the Blocked Account shall be made without further order of the Court.

2. The Trustee is authorized to direct payment from the Proceeds Account or the Blocked Account, as applicable, of the following interim payments to the Pre-Petition Secured Lenders from proceeds of the Sale on account of the claims asserted by such parties:

| *Pre-Petition Secured Lender* | *Interim Distribution* |
|---|---|
| Bank of the West | $   123,696.10 |
| City National Bank | $7,385,002.50 |
| Irwin Finance Cap. Corp. | $1,220,739.35 |
| National Bank of Arizona | $5,608,428.51 |
| *Total* | *$14,337,866.46* |

3. Nothing in this order shall be deemed to create, limit, or modify the respective rights, claims, or defenses, if any, of the Trustee, the Pre-Petition Secured Lenders, the Committee, or any other party in interest as to (a) the amounts due and owing to the Pre-Petition Secured Lenders, (b) the extent, priority, and validity of the liens and security interests of the Pre-Petition Secured Lenders, and (c) the allocation of sale proceeds, cure costs, and expenses of administration to be made in connection with further or final distributions paid or payable to the Pre-Petition Secured Lenders.

SF:283036.6

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

4. The Trustee is authorized to direct payment from the Proceeds Account or the Blocked Account, as applicable, of any or all accrued and unpaid fees and expenses incurred by professionals of the Trustee or the Committee as allowed on an interim or final basis by order of the Court from time to time (the "<u>Fee Payments</u>"); <u>provided</u> that, without limiting the reservations of rights set forth in paragraph 3 hereof, the Trustee may disburse Fee Payments in an aggregate amount of up to $1,130,000.00 from the net sale proceeds of the 29 store locations as to which City National Bank has asserted senior liens and security interests, subject to the Trustee's concurrent interim distribution of $7,385,002.50 to City National Bank as set forth in paragraph 2 hereof.

Dated: _____

Dated: June 12, 2010

_____ urt Judge
United States Bankruptcy Judge

Approved as to form:

/s/ Judith C. Hotze
Judith C. Hotze, Esq.
Office of the United States Trustee

/s/ Marc Cohen
Marc Cohen, Esq.
Kaye Scholer LLP
Attorneys for the Official Committee of Unsecured Creditors

/s/ Alan G. Tippie
Alan G. Tippie, Esq.
Sulmeyer Kupetz
Attorneys for City National Bank

/s/ John R. Clemency
John R. Clemency, Esq.
Gallagher & Kennedy, P.A.
Attorneys for National Bank of Arizona

/s/ Raymond Policar
Raymond Policar, Esq.
Law Offices of Raymond A. Policar
Attorneys for Irwin Franchise Capital Corp.

/s/ James A. Tiemstra
James A. Tiemstra, Esq.
Law Offices of James A. Tiemstra
Attorneys for Bank of the West

SF:283036.6